Thomas J. Wade, Appellant, *v.* Patrick Halligan, Appellee.

APPEAL FROM LA SALLE.

The finding and certificate required by the sixth section of chapter sixty of the Revised Statutes, entitled, "Landlord and Tenant," do constitute a final judg ment, from which an appeal may be taken to the Supreme Court.

An affidavit for a continuance, which avers that witnesses have been duly subpœ naed to attend the court at which the trial is to be had, shows sufficient diligence.

The court may ascertain whether a witness is present, and if he is, may overrule an application for a continuance.

A tenant, upon a proceeding by distress, may show that he was evicted from a part of the premises, or that he was disturbed in his possession.

The law will imply in a lease, covenants against paramount title, and against such acts of the landlord as destroy the beneficial enjoyment of the premises.

THIS was a proceeding by a landlord against his tenant by distress.

The cause was heard before LELAND, Judge, at May term, 1854, of the La Salle Circuit Court. Proofs were heard, and a judgment rendered in favor of Halligan, the landlord, against Wade, the tenant. The latter prayed for and obtained this appeal. The following is the affidavit for a continuance referred to in the opinion of the court.

" Thomas J. Wade, being first duly sworn, saith on oath, that Conrad Birkell, T. D. Brewster, and C. A. Holmes, and John Hoffman, and Henry Fessler, who now reside in La Salle county, Illinois, are material witnesses for affiant on the trial of this cause, and who have each been duly subpœnaed to attend this court, as witnesses for affiant in this case. Affiant expects and believes he can prove by said Birkell, that after the premises, for the rent of which the distress in this case was made, were leased to this affiant by said plaintiff, said plaintiff leased a room in said building to said Birkell, to be used as a place for the retailing of beer and spirituous liquor, commonly called a grocery. Affiant saith that the premises leased by said plaintiff to affiant, to recover the rent of which the distress in this case was made, were leased to affiant to be used as a hotel, and were so used by affiant. Affiant expects to prove by said Birkell, that the room leased to him for the purpose aforesaid, was in the same hotel building, occupied as aforesaid by affiant, and directly under the dining room of said hotel occupied by affiant. Affiant expects and believes that he can prove by said Birkell, that said room was rented to said Birkell by plaintiff, for the purposes aforesaid, contrary to the wish, and in despite of the remonstrance of affiant, made to said plaintiff before said room was rented by said plaintiff to said Birkell, and that said Birkell occupied said room by the leave of the said plaintiff during the whole quarter in which the rent, now sought to be recovered by the plaintiff in this case, is alleged to have accrued. Affiant expects and believes that he can prove by said John Hoffman, Henry Fessler and C. A. Holmes, each of them, that the use of said room, so rented and occupied by said Birkell, in said City Hotel, for the purpose of being used as a place for the retail of spirituous liquor and beer, commonly called a grocery, was necessarily, as said premises were situated, a very great injur to any person occupying the remainder of said premises fo

hotel purposes, or that part thereof occupied by affiant for a hotel, and that the value of said premises, occupied by affiant, was thereby depreciated, at least to the amount of one hundred dollars per quarter. Affiant saith, that under the lease upon which the rent accrued which the plaintiff now seeks to recover, affiant occupied said premises, mentioned in said lease, over two years as a hotel, and he expects to prove by said Birkell, that said Birkell occupied said room in said premises during that time, for at least six months, including the quarter for which rent is sought to be recovered in this suit; and by said Hoffman, Fessler and Holmes, that the use of said premises occupied by affiant was lessened in value at least two hundred dollars thereby; and he expects to prove by said last named witnesses, that the business of selling liquor and beer by retail, in that room, was necessarily very injurious to the business of hotel keeping carried on by affiant in said hotel, and necessarily disturbed and injured affiant in his business of hotel keeping in said premises, by keeping customers away from affiant, and seriously lessening the profits of his said business. Affiant expects and believes that he can prove by said T. D. Brewster, that after affiant rented the said City Hotel, for which rent is now sought to be recovered by the plaintiff, and while affiant occupied the said premises, said plaintiff authorized and permitted the Chicago and Rock Island railroad to enter and take possession of a part of said premises, and received the sum of four hundred dollars for his damages therefor from said company; and that the said company, a few days previous to the commencement of the quarter for which rent is claimed in this case, did take possession of said portion of said premises, by virtue of an agreement with said plaintiff, and tore out one side of the stone barn belonging to the premises rented as aforesaid by affiant from plaintiff, and have since held permanently a portion of said premises, including a portion of the barn on said premises; that he expects to prove by other witnesses that the use of the premises, occupied by affiant as aforesaid, was lessened in value for the quarter for which the said plaintiff seeks to recover rent in this case, by reason of the possession taken as aforesaid by said company, in, at least, the sum of one hundred and sixty dollars; and that he knows of no other witnesses by whom he can so fully prove the same facts. Affiant saith, that during the time he so occupied said City Hotel, as lessee of the plaintiff, the plaintiff, after the lease to affiant, upon which rent is sought to be recovered in this cause, said plaintiff leased one room in said City Hotel to one Story, whose first name affiant does not know, to be used as a shop for the manufacture of n and sheet-iron ware, and another room in the same building to

Owen Judge, for a bake shop for the manufacture of bread and crackers, etc.; and said rooms were immediately under two sitting rooms in said hotel. And affiant expects to prove by said Hoffman and Holmes, that said business of making tin and sheet-iron ware, and the business of a bake shop, was improper business to be carried on in said building, while the hotel was kept in the same, and necessarily greatly injured affiant in his said business; and that said business of manufacturing tin and sheet-iron ware was carried on, and the said bake shop was in operation, during some five or six weeks during the tenancy of affiant aforesaid, and the bake shop was continued for about one year, and during the whole quarter in which the rent, sought to be recovered in this case, accrued.

Subscribed and sworn to before me this 29th day of May, A. D. 1854. P. LINDLY, Clerk."

GLOVER and COOK, for Appellant.

J. C. CHAMPLIN, for Appellee.

SCATES, C. J. A motion was made by appellee, in this court, to dismiss this appeal, on the ground that the proceeding in the circuit court, and its finding and certificate, are not a judgment, or decree, within the meaning of Sec. 7 of Rev. Stat. 1845, p. 143, and Sec. 47 of practice act, page 420. Appeals are allowed where the judgment or decree is final, and for twenty dollars or more, above costs, or relates to a franchise or freehold.

We are of opinion that the finding and certificate, required by the 6th section of the act in relation to Landlord and Tenant, Chap. 60 of Rev. Stat. 1845, p. 334, do constitute a final judgment, within the meaning of the practice act above referred to. A distress, under the act, has become a suit, and requires notice by summons, as other suits; and, although the landlord does not obtain a formal judgment for his rent, he does obtain its equivalent in effect, a judicial determination that it is due and owing, and the amount. This is entered of record, and upon it a certificate, in the nature of an execution, is issued to the officer making the distress, who sells, and makes return upon the certificate to the court, as upon other final process. This is, essentially, a final judgment, in its effect in barring either party of all other suits properly litigated therein, between them. Still, while the proceeding partakes thus of the nature of a suit, it is not like debt, or assumpsit in general, allowing common set-off, etc., but retains many of the peculiar rights, remedies and characteristics of a common law distress; *Sketoe* v. *Ellis*, 14 Ill. R. 75; for replevin will still lie for the distress, and a

Wade *v.* Halligan.

summary sale be made of perishable goods, immediately, if not replevied. The motion will therefore be overruled.

The only important assignment of error, is the refusal of a continuance. We deem the diligence set forth, sufficient. Affidavits should not be required to be burthensomely minute, in anticipating and negativing every possible contingency.

Witnesses may give their attendance after applications are made ; and before ordering a continuance, the court may ascertain the fact of absence by having the witness called, and, if he answer and attend, overrule the application.

The main question is, as to the materiality of the evidence, and this involves the question of the right to set up, as a defense to the payment of rent, that the party was disturbed in his quiet and peaceable possession, was evicted from part of the premises, and injured, and the value of the rent so diminished.

We are of opinion he has a right to show such facts in defense, upon this inquiry and assessment, in cases where the lease provided for his protection, express or implied. It is a legitimate inquiry, as well as payment under the general issue, as to the amount of rent due, and could be made and tried in the action of replevin of the distress. For it was one of the peculiarities of a common law distress, that the tenant was forced to his replevin, in order to compel the landlord to prove his demand for rent, and enable the tenant to show payment, eviction, disturbance or injury, from the landlord's breach of the covenant in the lease ; and we do not understand the doctrine of *Sketoe* v. *Ellis*, as excluding such a defense in set-off.

Allowing, then, the defense to be proper under such an issue, the question recurs upon the character and tendency of the evidence, to prove either a disturbance or eviction, injurious to the tenant, and for which the landlord was liable to him. We regard the terms, conditions and covenants in the lease, as being adopted by these parties under the assignment and agreement. There are no express covenants in the lease for quiet possession or enjoyment. Still the law will imply covenants against paramount title, and against such acts of the landlord as destroy the beneficial enjoyment of the lease.

The proofs should be admitted, to show the eviction by the Rock Island Rail Road Company, and as well such other proofs that tend to show their acts to be mere trespasses upon the tenant, as those that show the eviction by paramount title ; and whether, if the latter, it was by title acquired subsequent to the lease, and subject to the tenant's rights ; and whether with or without the consent and act of the landlord. We think the parties entitled to make full proofs of all material facts. When such proofs are made, and the questions of law arising upon

them are presented, we might be the better enabled to determine how far such a defense is made out, and sustainable.

The law is well settled, that an eviction, in fact or in effect, which destroys, and renders the premises valueless, may be set up in defense against the recovery of rent; and this extends to such acts of disturbance as effect the same thing. *Cohen* v. *Dupont*, 1 Sandf. S. C. R. 260; *Dyett* v. *Pendleton*, 8 Cow. R. 727.

The doctrine in this last case of disturbance, by bringing lewd women into the premises, is not overruled by *Ogilvie* v. *Hull*, 5 Hill R. 52, but limited and explained only. See *Lawrence* v. *French*, 25 Wend. R. 443; *Lewis et al.* v. *Payn*, 4 Wend. R. 423; *Watts* v. *Coffin*, 11 John R. 575; *Briggs* v. *Hall*, 4 Leigh R. 484; *Bennet* v. *Bittle*, 4 Rawl. R. 343; *Burn* v. *Phelps*, 1 Stark R. 94; *Tomlinson* v. *Day*, 2 Brod. and Bingh. 680, (6 Eng. C. L. R. 327); *Edwards* v. *Hetherington*, 7 Dowl. and Ryl. R. 117, (16 C. L. R. 271); *Conie* v. *Goodwin*, 9 Carr. and Pay. R. 378, (38 C. L. R. 162.)

I have not reviewed authorities upon these points, either of what will amount to an eviction, or what degree of disturbance may be shown, because this record only presents the question of the admissibility of the facts averred, to sustain the alleged grounds of defense. Upon the present state of the record, we need pass no judgment upon the sufficiency of the proofs. Halligan may, or may not, be responsible for the eviction by the Rock Island Rail Road Company. As to Wade, and his leasehold interests, they may have been mere trespassers.

So with the effects upon the leasehold interests, from the lawful occupations, by other traders and manufacturers, of the basement rooms; they are all facts for a jury. There are lawful trades, which are, nevertheless, treated as nuisances in particular places and localities. There is a compatibility and harmony in certain occupations, and the contrary in certain others, and so it is of human actions and conduct. We must exercise common sense, prudence, and a sound and impartial judgment, in passing upon such transactions, and with an anxious view to protect all parties in their just rights, and the profitable and quiet enjoyment and pursuit of their interests.

The reasonable degree of complaint of injury, from disorderly, indecent, vulgar and obscene conduct, and noises of the drunken, and the noise of manufacturing tin and sheet-iron, or heat, smoke, and danger of fire, from a bake oven, must depend upon the attending and surrounding circumstances, the situation and business of the parties, time, place, and nature of the pursuit, and the actual injurious consequence. Before we can determine upon it, we must have the whole proof. We can readily comprehend a state of things of this nature, that would have that

effect; and we think the evidence offered tended to show such, and should have been produced.

We therefore think the court erred in refusing a continuance to the plaintiff, to enable him to produce it.

Judgment reversed, and cause remanded for a new trial.

*Judgment reversed.*

SKINNER, J. I do not think the affidavit of the defendant shows any cause for continuance, and am of opinion that the court below properly overruled the motion.