ALFRED BERRINGTON

*v.*

MICHAEL F. CASEY.

1. LEASE—*implied covenants.* The law will imply covenants for quiet possession and enjoyment against paramount title, and against such acts of the landlord as destroy the beneficial enjoyment of the lease.

2. SAME—*remedy of tenant for breach of implied covenant for possession by landlord.* Where the landlord leases premises to a tenant by a parol lease, and afterwards, and before the tenant gets possession, leases the same premises to another and puts him in possession, the first tenant may either bring an action of ejectment and recover the possession, or he may sue in assumpsit for the breach of the implied covenant for possession and quiet enjoyment.

3. And in such case the tenant is not required to offer to pay the rent as it would accrue under his lease, after the breach of contract by the landlord, to entitle him to maintain his suit for such breach.

4. EVIDENCE—*when paper may be read to the jury.* Where the execution of the instrument sued on had been proved, and other evidence adduced in relation to it, it was a proper exercise of discretion for the court to permit the counsel for the plaintiff to read it to the jury, for the first time, in his closing argument.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the plaintiff in error.

Messrs. WOOD & LOOMIS, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the Cook circuit court, by defendant in error against plaintiff in error, to recover damages for breach of a lease of a house and lot, in the city of Chicago. The lease was in writing, and is this:

"CHICAGO, *Dec.* 7, 1871.

Received of M. F. Casey ($10) ten dollars on rent of store, on corner of Lake (No. 22) and Canal streets, which Mr. Casey is to have for $100 per month, till May, 1873.

ALFRED BERRINGTON."

A trial was had, by the court and a jury, resulting in a verdict in favor of plaintiff for $450. And, after overruling a motion for a new trial, the court below rendered judgment on the verdict, and defendant prosecutes this writ of error, and asks a reversal of the judgment.

It appears from the record that plaintiff in error executed the instrument declared on, at the time it bears date, and received the $10 as an advance payment on the rent. But some eight or ten days afterwards, he leased the premises to one McLaughlin, for $125 per month, and put him in possession of the premises. Plaintiff in error was in possession when the lease was made, and so continued until he let Mc-

Laughlin in under the lease to him.   Defendant in error, on his return from New York, saw plaintiff in error and offered to pay him the balance of the first month's rent, and demanded possession, but plaintiff in error refused to receive the money or to deliver possession, and offered to refund the $10 received under the lease, but defendant refused to receive it and thereupon brought this suit.

It is contended by plaintiff in error that this is a lease and not an agreement for a lease.   In this, we are inclined to agree with him, but it does not matter, as defendant in error inserted two special counts in his declaration, one on the writing as a lease, and the other as an agreement for a lease.   So, whether it be the one or the other, can not matter, as, if the evidence warrants it, he had a right to recover under either.

It is said that defendant in error declared on a parol contract, when it is in writing.   All works on evidence, it is believed, describe writings not under seal, as parol, and writings under seal, as deeds, or writings obligatory.   This is a rule familiar to the profession.   And we deem it unnecessary to consume time in referring to or discussing this supposed objection.

It is objected that the instrument declared on contains no covenant for possession or quiet enjoyment by the lessee, even against the lessor.   In *Wade* v. *Halligan*, 16 Ill. 507, it was distinctly announced as a rule of law, that the law will imply covenants for quiet possession and enjoyment against paramount title, and against such acts of the landlord as destroy the beneficial enjoyment of the lease.   And that decision is based on well recognized principles, and fully sustained by undoubted authority.

This, then, being a lease, and there being an implied covenant for possession and quiet enjoyment attaching to or growing out of it, and plaintiff in error having broken the covenant by leasing to and letting McLaughlin into possession, in exclusion of defendant in error, what is his remedy?   May he sue and recover on this breach of cove-

nant, or shall he bring his ejectment? We apprehend that he has his election of actions. He may undoubtedly sue for a breach of the implied contract for possession and quiet enjoyment, in assumpsit, as the instrument is not under seal.

This is settled by the case of *Green* v. *Williams*, 45 Ill. 206. The rule is reasonable and promotive of justice. And it has been fully recognized and adhered to in the case of *Gazollo* v. *Chambers*, Sept. T. 1874. There was, then, no error in bringing assumpsit for the breach of contract by plaintiff in error.

It is urged that defendant in error should not have been permitted to recover until he paid or tendered the first month's rent. He did offer to pay, but plaintiff in error refused to receive it. We can scarcely open a volume of reports without finding cases holding that where a party refuses to receive money, such action dispenses with a formal tender. If anything is well and uniformly settled, that rule is. Again, he had placed it out of his power to perform on his part, and it would be a positive injustice for the law to require defendant to go on and pay the monthly installments to the end of the term, and he out of possession, without the power to get in within the term. And, if the first installment should be paid, under the same rule, and for the same reason, the other installments should be paid. To so hold, would not only be useless, but unjust, and the law can never require such acts.

It is claimed that the court below erred in permitting the counsel for the defendant in error to read the receipt to the jury, for the first time, in his closing argument. Its execution had been proved, and other evidence had been introduced in reference to it in the progress of the trial. Hence there was no surprise on the other party. It is not as if, at the close of the argument, he had called a witness and proved its execution, and then offered it in evidence to the jury, and that would have been discretionary with the court, under proper restrictions, that would have protected the other party from surprise and wrong. We do not sit here to seize

upon such mere formal objections to reverse judgments that fully accord with justice, and give to men their undoubted rights. To do so, would pervert the very object and purpose of establishing tribunals of justice, and operate to perpetuate wrong instead of protecting the right. This action of the court was in the proper exercise of discretion, and could have worked no possible wrong to plaintiff in error.

The damages were not excessive, but, on the contrary, the evidence would have warranted the finding of nearly double the amount.

The judgment of the court below is affirmed.

*Judgment affirmed.*