## S. L. Russell et al., Appellees, v. E. C. Clark, Appellant.

1. Landlord and tenant—*when no implied covenants*. There is no implied covenant by the landlord that the premises are tenantable when let, or that the condition thereof will remain unchanged during the term, especially when the tenant inspects, unless there is fraudulent concealment of hidden defects.

2. Landlord and tenant—*when covenant for quiet enjoyment implied*. If there is no express covenant in a lease relating to quiet enjoyment the law implies one.

Action begun before a justice of the peace. Appeal from the Circuit Court of Wabash county; the Hon. Jacob R. Creighton, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed June 5, 1912.

George P. Ramsey, for appellant.

E. B. Green and Theodore G. Risley, for appellees.

Mr. Justice Shirley delivered the opinion of the court.

This suit was instituted before a justice to recover from appellant three months rent for certain premises occupied by him. On appeal to the Circuit Court there was a trial by the court and a judgment in favor of appellees.

On the 29th of January, 1908, appellees being the owners of a building in the City of Mt. Carmel under which there was a basement entered into a written agreement with appellant whereby appellees leased him a portion of the basement for a term of five years beginning April 1, 1908. The further covenants in the lease were that appellees should prepare the premises in the manner and to the extent as agreed to by the parties, and after so prepared it was agreed that all repairs and betterments needed should be made by appellant at his expense, except that such repairs as should become necessary by reason of natural decay should be made by appellees.

Appellant went into possession under the lease at the beginning of the term April 1, 1908, and continued to occupy the premises until April 1, 1911, when he vacated and refused to pay any further rent. This suit was to recover three months rent claimed to have accrued after appellant moved out.

Appellant claims he had the right to abandon the premises and refuse to pay any further rent on the ground of a breach by appellees of the expressed and implied covenants in the lease which amounted to a constructive eviction.

The evidence shows appellant leased the basement for the purpose of occupying it for a barber shop. It was not at the time the lease was executed fitted or prepared for the business, so the lease provided the term should begin on April 1st, following its execution. Appellant had a plan of the work to be done in preparing the basement for the business, and much of the time gave the work of preparation his personal attention. There was evidence that appellees did the work of preparation according to the wishes of appellant by putting in a number of repairs at a cost of about one thousand dollars, and that when the work was completed appellant expressed himself satisfied with it. He had full knowledge of all conditions existing there from the date of the lease two months before, and took possession under his lease.

Appellant made no complaint of the premises until February, 1910. He testified that water would percolate through the walls making the room damp and that the water would occasionally come in to the extent that it would in places cover the floor caused by leakage of a down spout from the roof which would also cause ice to form on the uncovered stairway leading from the basement.

Appellant's chief complaint however was about the water that came in through the walls. Where this water came from was not shown by the evidence.

Appellant notified appellees that on account of the

water repeatedly coming into his shop and making it untenantable he would vacate unless repairs were made. The repairs so requested were not made.

Appellant further testified that before he entered into the agreement appellee Charles Russell told him they had never been bothered with water in the room and when they finished fixing it up it would be absolutely dry and sanitary.

A witness Ott also testified that before appellant took possession appellee Charles Russell told him that appellees were to prepare the room so it would be sanitary and dry. These conversations were denied by Charles Russell.

By the terms of the lease all repairs and betterments needed were required to be made by appellant except such as might bcome necessary from natural decay. The only evidence of such decay was some decayed guttering which was repaired by appellees. We are unable to find from the evidence any breach of the express covenants in the lease on the part of appellees. In the absence of an express covenant upon the subject, the law will raise an implied covenant for quiet enjoyment which means that the lessor will indemnify the tenant against disturbance by his own act or the acts of those who claim under or paramount to the lessor. (Smith's Landlord and Tenant 211.) There is no implied covenant on the part of the landlord that the premises at the time of the letting are in a tenantable condition, nor that the physical condition of the premises shall remain unchanged during the term and especially so when the tenant inspects them before executing the lease, except in cases of fraudulent concealment of hidden defects of which there was no sufficient evidence here. (Am. & Eng. Ency. 2nd Ed. Vol. 18, page 613, *et seq.*) In some jurisdictions it had been held there is an implied covenant that the premises are fit for habitation at the beginning of the term unless there is an express covenant in the lease that the tenant receives them in good repair, but in

those cases this applies only to the condition of the premises at the beginning of the tenancy, and not to defects arising subsequently, and where the lessee inspects the premises as in this case, there is no reason for implying the covenant. (*Ibid.* 615.)

The evidence shows that at the beginning of the tenancy and for a long time afterwards the premises were habitable and if there were any defects they arose subsequently.

The court was warranted under all the evidence in holding there was no breach of any express or implied covenant by appellees, and the judgment will be accordingly affirmed.

*Affirmed.*