Leonard Boltz, Appellant, v. Crawford and North Avenue's Theatre Company, Appellee.

Gen. No. 39,649.

Opinion filed March 16, 1938. Rehearing denied April 1, 1938.

MYER H. GLADSTONE and GEORGE F. CALLAGHAN, both of Chicago, for appellant.

HOFFMAN & GOLDER, of Chicago, for appellee; CALMON R. GOLDER, of counsel.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

The plaintiff appeals from a judgment entered for the defendant in an action instituted by the plaintiff to recover damages. The defendant made a motion to dismiss the plaintiff's amended complaint, which motion was sustained by the court, and the plaintiff electing to stand by his complaint, judgment was entered for the defendant.

Plaintiff's amended complaint alleged that on March 24, 1936, the plaintiff entered into a written lease with the defendant in which the defendant leased and demised to the plaintiff certain premises at 1536–1542 North Pulaski road, Chicago, Illinois, together with the building thereon, from September 1, 1936, to June 10, 1946.

The rent provided to be paid on said lease by the lessee (plaintiff) was $59,900, payable at the rate of $400 per month for the first 12 months; $450 for the next 24 months, and $500 per month for the balance of the term. The rental was payable on the first day of each month in advance.

On March 26, 1936, the defendant notified the plaintiff that it would not perform any of the terms of the lease and would not permit the plaintiff to take possession of the premises on September 1, 1936. Thereafter, on June 1, 1936, the plaintiff tendered the defendant $400, representing the rent due for the month beginning September 1, 1936, but the defendant refused to accept the money.

There is a provision in the lease for certain damages, which is in words and figures as follows:

"It is further covenanted and agreed by and between the parties hereto that in the event that at any time during the term of this lease the lessor shall desire to reopen the premises and operate or lease the same as a theatre and shall bona-fidely be about to enter into negotiations for the operation or leasing of the premises as a theatre, then and in such event, the lessor shall notify the lessee in writing when the lessee shall vacate the premises, but said date shall not be less than ten days subsequent to the service of notice on the lessee by the lessor, and in the event the lessor shall give such written notice and the lessee shall comply therewith within the period stated in the notice (but not less than ten days), then the lessor shall pay to the lessee as liquidated damages the following sums: At any time during the first year of the term hereof, the sum of $30,000.00; during the second year of the term hereof, the sum of $27,000.00; and on the basis of a reduction in said damages of $3,000.00 for each year that the lessee shall have had possession hereunder, so that in the final year of the period for which these premises are leased hereunder, the sum of $3,000.00 would be paid. In the event the lessee shall fail to vacate under the terms hereof, within the time set by the notice given to the lessee by the lessor (never less than ten days), then the term of this lease shall cease and determine upon the date set in the said notice and the lessor shall have its remedy to oust the lessee from possession under the terms of the forcible detainer statute of the State of Illinois then applicable."

The defendant thereafter filed a motion to dismiss plaintiff's amended complaint, and as one of the reasons states the following:

"The portion of said alleged lease quoted in the amended complaint referring to liquidated damages under certain circumstances has no relation whatsoever to any of the facts set forth in the amended complaint, it affirmatively appearing from said amended complaint that the facts contemplated by the quoted portion of the said alleged lease never came into being." And further:

"Even though the liquidated damages referred to in the portion of the alleged lease quoted in the amended complaint did apply to the facts alleged in said amended complaint, the said liquidated damages would amount to penalty and would therefore be unenforcible unless the amended complaint contained allegations from which it could be made to appear that the plaintiff by reason of the breach by the defendant of the alleged lease suffered damages substantially equal to the liquidated damages stipulated."

The court sustained the motion and dismissed plaintiff's amended complaint.

The defendant does not dispute the fact that the plaintiff could maintain an action against the defendant for damages because of failure to give possession of the premises, and that this is the ruling in the case of *Berrington v. Casey,* 78 Ill. 317. In that case the court said:

"This, then, being a lease, and there being an implied covenant for possession and quiet enjoyment attaching to or growing out of it, and plaintiff in error having broken the covenant by leasing to and letting McLaughlin into possession, in exclusion of defendant in error, what is his remedy? May he sue and recover on this breach of covenant, or shall he bring his ejectment? We apprehend that he has his election of actions. He may undoubtedly sue for a breach of the

implied contract for possession and quiet enjoyment, *in assumpsit*, as the instrument is not under seal.''

The question in the instant case is whether the plaintiff can recover damages for a breach of covenant in the lease from the defendant.

In the case of *Green v. Williams,* 45 Ill. 206, wherein a landlord executed a lease commencing *in futuro,* and, before the day arrived on which the term was to commence, without legal cause, leased the premises to other parties, and refused to deliver possession to the first lessee, the Supreme Court said upon the question of a breach of covenant for quiet possession: ''Where the term is but for one year, as is generally the case, it would expire ordinarily before the lessee could obtain possession by legal means, and, if he is to be denied the recovery of damages, he is, in executing a lease not attended with the immediate delivery of possession, absolutely at the mercy of his lessor. Bound by his own covenants, he is dealing with a party who is not bound, at least so far as relates to legal redress. We cannot consent to a rule of damages so flagrantly unjust, and leading to such results. If the lessor, without a legal cause, refuses to deliver possession of the demised premises to the lessee, and is sued upon the covenants in his lease, the difference between the rent to be paid and the actual value of the premises at the time of the breach, must be considered as the natural and proximate damages. It was not necessary to state these damages specially in the declaration, as insisted by counsel for the defendant in error. They are recovered like damages for failure to deliver personal property according to a contract of sale, and, upon the same ground, the general damages presumed by the law, being the difference between the value of the article contracted for and the contract price.''

It must be admitted that the statement of claim in this action, aside from the question of the covenant in-

corporated in the statement providing for recovery of damages under certain conditions and circumstances, is sufficient to sustain a cause of action. The action is based upon the refusal of the landlord to deliver possession of the premises as provided for and agreed to by him in the lease, and while we do not agree with plaintiff in regard to the provision of the lease applying to the facts as alleged in the complaint, still it is to be noted that the covenant is set out in the statement of claim, and, from the language used, the cause of action is not based entirely upon this covenant. If we assume from the pleadings that the statement of claim, by its allegations, regardless of the provision relating to damages therein contained, is sufficient to maintain an action, then of course such general allegations are sufficient to sustain a judgment.

The defendant seeks to avoid responsibility for the signing of the lease and the alleged defaults upon the ground that suit for recovery of damages cannot be had for the reason that for default in payments the lease provides for recovery after the plaintiff is in possession.

If we apply the strict construction that recovery may be had only after the plaintiff is in possession, then the defendant would not be liable, but in our opinion the failure of the defendant to deliver possession of the premises described in the lease at the time the question was being considered, was a violation of the provisions and the conditions of the lease, for which the plaintiff has a remedy, and that is, to recover such damages as he may have suffered as the result of the failure of the defendant to deliver possession of the premises to the plaintiff.

It is apparent from the evidence in the record that the defendant repudiated the contract entered into by the parties for delivery of possession of the premises described in the lease. The plaintiff, when the lease

was repudiated by the defendant, attempted to perform by tendering to the defendant the amount due for the succeeding month's rent, which tender the defendant refused.

The basis for the contention of the defendant seems to be that portion of the alleged lease which we have quoted in this opinion and which refers to liquidated damages—and only upon that ground. That being the position of the defendant, and our conclusion being that the plaintiff is entitled to damages suffered by failure of the defendant to deliver the premises so that they could be occupied by the plaintiff, aside from whatever provision may be in the lease regarding liquidated damages, we believe upon that ground and by reason of the fact that the plaintiff alleged an incorrect measure of damages, the court erred in sustaining motion of the defendant to strike.

This question cannot be raised by motion to strike upon the ground urged. A motion of the kind on which we are now passing under the Practice Act is to be considered as a demurrer, and being general in its nature, the question of the allegation of an incorrect measure for recovery of damages cannot be reached by this motion, but should have been specially pointed out as a ground for striking the action then pending.

In the case of *Beidler v. Sanitary District,* 211 Ill. 628, in applying the rule contended for by the defendant where an incorrect measure for recovery of damages is sought, the court used this language:

"The defect in the declaration, arising from the fact that damages were claimed by an incorrect measure, is one which cannot be reached by a general demurrer, which is the only method by which this pleading was tested. This declaration states a good cause of action notwithstanding it does not adopt a correct measure for determining the amount of compensation to which the plaintiffs are entitled."

For the reasons stated in this opinion the judgment is reversed and the cause remanded with directions that the court overrule defendant's motion to dismiss the plaintiff's amended complaint on the ground that it is insufficient in law to sustain a judgment, and that the parties, by leave of court, take such further steps as may be consistent with the views herein expressed.

*Reversed and remanded with directions.*

DENIS E. SULLIVAN and HALL, JJ., concur.