GURRIE C. RHOADS, Indiv. and d/b/a Rhoads Development Company *et al.*, Plaintiffs-Appellants, v. THE VILLAGE OF BOLINGBROOK, Defendant-Appellee.

Third District    No. 3—84—0450

▮▮▮▮▮▮

Opinion filed February 22, 1985.

George F. Mahoney III and Thomas R. Wilson, both of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellants.

Barry L. Moss and George A. Marchetti, both of Moss & Bloomberg, Ltd., of Bolingbrook, for appellee.

JUSTICE BARRY delivered the opinion of the court:

This interlocutory appeal from the denial of an injunction is brought by plaintiff Gurrie Rhoads, the principal owner and operator of an 18-acre amusement park in the village of Bolingbrook in Will County. The park was built in the spring of 1982 after the village annexed the proposed site and by ordinance granted a special-use permit subject to certain specific conditions relating to water supplies, sewage disposal, landscaping and recapture fees to be paid to the village. The park began operation in the summer of 1982. In June of 1984 the village board held a hearing prior to adopting an ordinance which revoked the special-use permit for plaintiff's failure to comply with the conditions of the permit. Plaintiff promptly filed a complaint for an injunction and declaratory judgment and also a petition for a temporary restraining order. The temporary restraining order was issued *ex parte* on June 21, 1984. On June 29, 1984, the parties appeared for a hearing on the continuation of the temporary restraining order or the issuance of a preliminary injunction, and at that hearing defendant village filed a motion to dismiss the complaint and also a motion to dissolve the temporary restraining order. The motions were substantially the same.

The trial court stated at the outset of the hearing that it was not hearing the merits of the cause but rather whether the force and effect of the temporary restraining order should be continued in the form of a preliminary injunction. Plaintiff testified at length concerning the details of construction and operation of the park as related to the development plan approved by the village. Plaintiff admitted that certain requirements had not yet been met, such as complete installation of a 12-inch water main, complete installation of a sanitary sewer, planting of trees on the parkway, installation of an eight-foot fence at the perimeter, and other landscaping. Plaintiff also admitted that the fees for construction of a street, a water tower and a traffic study had not yet been paid because of the unavailability of funds. Plaintiff testified that the cash flow generated by the operation of the park had been less than anticipated and had been insufficient to meet all payments due to creditors, operating expenses, and fees owed to

the village. The testimony and other evidence indicated that revocation of the special-use permit and closure of the facility for the summer of 1984 would result in a total cessation of income and a loss of an investment valued in excess of $1,000,000.

The trial court granted defendant's oral motion for an order at the close of plaintiff's case, and ordered the dissolution of the temporary restraining order. In its 17-page memorandum opinion and order, the court found, *inter alia*, "that plaintiff has not shown probable success on the merits, as part of his case-in-chief." Pursuant to Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)), plaintiff brought this interlocutory appeal from the orders of the circuit court entered on July 11, 1984.

Plaintiff has assigned as error several rulings of the trial court relating to a refusal to reopen proofs and a refusal to permit filing of a memorandum of law and similar matters, but because of the view we take of this cause, we need not discuss those issues. The determinative question presented by this appeal is whether plaintiff was required to establish probable success on the merits in order to obtain a preliminary injunction.

Generally, the courts have required that a plaintiff must demonstrate entitlement to a preliminary injunction by establishing (1) a certain and clearly ascertained right which needs protection; (2) irreparable injury which will be suffered without protection; (3) no adequate remedy at law for the injury; and (4) probable success on the merits. (*E.g., S & F Corp. v. American Express Co.* (1978), 60 Ill. App. 3d 824, 377 N.E.2d 73.) The question of whether plaintiff has established a likelihood of success on the merits has proved to be a difficult one to resolve without proceeding to determine the merits of a case at the outset. Consequently, in some situations an exception to the necessity of establishing probable success on the merits has been recognized and is, we believe, applicable to the case before us. In *Blue Cross Association v. 666 North Lake Shore Drive Associates* (1981), 100 Ill. App. 3d 647, 650-51, 427 N.E.2d 270, 272, the court said:

> "If the subject of the injunction is property which may be destroyed, or if, as here, the plaintiff seeks only to maintain the status quo until the ultimate issue is decided, the injunction is properly allowed or maintained even where there may be serious doubt as to the ultimate success of the complaint.
>
> * * *
>
> We have held that it is not the purpose of a preliminary injunction to determine controverted rights or to decide the merits of a case."

See also *Alexander v. Standard Oil Co.* (1977), 53 Ill. App. 3d 690, 368 N.E.2d 1010.

As is clear from the trial court's opinion, a different standard was applied in the instant case. The court expressly refused to apply the *Blue Cross* exception and instead held that a preliminary injunction should be denied if there is no reasonable likelihood of success on the merits, citing *Earthline Corp. v. Mauzy* (1979), 68 Ill. App. 3d 304, 385 N.E.2d 928. *Earthline* was a totally different situation where plaintiff corporation sought to prevent disclosure of certain permits by the Illinois Environmental Protection Agency to the Attorney General which were clearly matters of public record by provision of statute. There was no imminent closure of an operating business and resulting loss of property threatened by the failure to issue a preliminary injunction. In the case at bar, plaintiff plainly sought to preserve the status quo and to prevent loss of his valuable property while the issues relating to the revocation of his special-use permit were being litigated. This case comes squarely within the *Blue Cross* exception to the requirement that probable success on the merits be established, and the trial court erred in failing to apply the correct rule of law. For that reason, we reverse the judgment of the circuit court of Will County and remand for entry of the preliminary injunction and further proceedings.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.