(No. 16406.—Decree affirmed.)

JOHN S. GAGE, Appellant, *vs.* THE VILLAGE OF WILMETTE *et al.* Appellees.

*Opinion filed December 16, 1924—Rehearing denied Feb. 11, 1925.*

1. PLEADING—*on demurrer bill is to be construed against the pleader.* Upon demurrer to a bill in equity every allegation of the bill is to be taken most strongly against the pleader.

2. CONTRACTS—*when a contract is terminable at will of either party.* Where no definite time is fixed during which an executory contract shall continue in force it is terminable at the will of either party.

3. INJUNCTION—*when allegations of bill are insufficient.* A bill for a mandatory injunction to compel a city to continue the water supply of the complainant, a non-resident, who was supplied with water under a contract with the city, is insufficient where it fails to allege the terms of the contract and merely recites that it was a contract "express or implied," as under such allegation the city had a right to terminate the contract at any time.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

FRANK N. REED, for appellant.

FREDERIC B. CROSSLEY, (ELMER M. LEESMAN, and RAYMOND C. SCHNELL, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant filed in the superior court of Cook county his bill for an injunction against the village of Wilmette and certain of its officers. An answer was filed thereto, and thereafter complainant took leave to amend the bill and a demurrer was filed to the bill as amended. The demurrer was sustained and complainant elected to stand by his amended bill, which was by the court dismissed for want of equity and an appeal perfected to the Appellate Court for the First District, where the decree of the superior court was affirmed. A certificate of importance having been granted by the Appellate Court, the case is now before us upon appeal.

The bill as amended alleges that complainant for many years has been a resident of the village of Wilmette and the owner of a cottage on Sheridan road, about 500 feet north of the limits of the village, and that he has charge of another cottage adjacent thereto; that for more than seven years the cottages have been furnished with water by the village, on complainant's application therefor, through water mains in front of the cottages connected with water mains of the village; that the village put in service taps connecting the cottages with the water mains and has collected bills for the water supplied, for repair of the pipes leading to the cottages and for water meters; that there is no other source of water supply to said cottages; that com-

plainant has a contract with the village, either express or implied, to furnish water for use in the cottages, and that unless it shall continue to do so as heretofore, complainant will suffer irreparable damage; that for a number of years the village has maintained and operated a plant for the purpose of distributing and selling water within and without the village; that the water is obtained from the city of Evanston under a contract with said city; that the village operates and maintains a public utility and has a fixed rate of payment for water sold in the village and another rate for water sold and distributed without its limits; that for many years the village has supplied customers with water who were not residents of any municipality, and has thereby assumed the position of a public utility for the sale of water to customers outside of its corporate limits; that the supply of water furnished by the city of Evanston to the village of Wilmette is ample and sufficient to enable the village to continue furnishing water to complainant and that the city of Evanston has not refused to furnish the same. The amended bill then sets up, by way of supplement, that at the time of filing the bill complainant was being supplied with water as required, but that the officers of the village were threatening to turn off the water, and since filing the original bill the village had cut off the supply of water; that the man-hole containing the shut-off is in Sheridan road, about 100 feet north of the village limits; that the man-hole and shut-off belong to the owners of property facing Sheridan road; that without the knowledge and consent of complainant the village, through its employees, has caused the man-hole to be filled up. The bill prays that the village may be restrained from turning off or discontinuing the water supply to the premises in question, and that if the agents of the village have turned off the water they be ordered by a mandatory injunction to turn it on or have the supply continued to said premises.

In the briefs and arguments many questions have been discussed, including the right of the village of Wilmette, under the conditions set up in the bill, to furnish water to persons outside of its limits, which we do not deem necessary to consider. While it is alleged in the bill that there was a contract between the village and the complainant to furnish water, the bill does not contain the terms of the contract nor any allegation as to the time during which the contract was to continue in force. The bill merely describes it as being "either express or implied." Upon demurrer every allegation of the bill is to be taken most strongly against the pleader. Where no definite time is fixed during which an executory contract shall continue in force it is terminable at the will of either party. (*Joliet Bottling Co.* v. *Joliet Brewing Co.* 254 Ill. 215; *Davis* v. *Fidelity Fire Ins. Co.* 208 id. 375; *Orr* v. *Ward*, 73 id. 318.) Under the allegations of the bill, therefore, the village had a right to terminate the contract at any time.

The man-hole and shut-off were in a public street, and although complainant alleges that he is the owner thereof, there is no allegation in the bill to show that complainant had such possession thereof as to entitle him either to maintain an action of trespass or a bill to prevent a threatened trespass, but, on the contrary, the presumption arising from the facts stated in the bill is that he did not have such possession.

The amended bill of complaint failed to show on its face that complainant was entitled to the relief sought. The superior court properly sustained the demurrer to the bill.

*Decree affirmed.*