Helen Peckler, et al., on Behalf of All the Members of Local 1006, American Federation of State, County, and Municipal Employees, AFL–CIO, a Voluntary Association, and a Class of Employees of the Bureau of Employment Security of the State of Illinois, Plaintiffs-Appellees, v. John Cullerton, as Director of Labor of the State of Illinois, Maude Myers, Director of Personnel of the State of Illinois, Defendants-Appellants.

Gen. No. 52,040.

First District, Fourth Division.

January 31, 1968.

William G. Clark, Attorney General of State of Illinois, of Chicago (Richard E. Friedman, First Assistant Attorney General, Richard A. Michael and Thomas D. Decker, Assistant Attorneys General, of counsel), for appellants.

Kleiman, Cornfield and Feldman, of Chicago, for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from an interlocutory injunction granting relief of a mandatory nature. Ten state employees as members of this class and officers of a union brought an action seeking injunctive and declaratory relief and the issuance of writs of mandamus against Maude Myers, Director of Personnel of the State of Illinois, and John Cullerton, Director of Department of Labor. The complaint alleged a failure on defendant Myers' part to recognize the union represented by plaintiffs or to heed its petitions, and a refusal on defendant Cullerton's part to conduct a public hearing to inquire into this dispute.

On January 24, 1967, plaintiffs moved for a temporary restraining order alleging that defendants had failed to take the action requested in the complaint and that the "continuing failure of defendants and/or the defendants' delegated representatives to afford Plaintiffs and Petitioners any opportunity to present the demands, proposals and recommendations of the class of employees covered by the complaint and petition concerning their hours, wages and working conditions during the course of protracted litigation is likely to cause irreparable damage to Plaintiffs and Petitioners and permanently weaken constructive employer-employee relations between said employees and their employer." The motion requested that defendant Myers be required (1) to convene a

meeting for the purpose of receiving demands, proposals and recommendations covering hours, wages and working conditions by representatives of Local 1006, and (2) to agree to a schedule of meetings with the union representatives for the purpose of responding to the demands, proposals and recommendations. The motion further requested that defendant Cullerton be ordered to participate in said meetings in accordance with the spirit of paragraph 26, chapter 10, Illinois Revised Statutes.[1]

Defendants filed a motion to dismiss on February 3, 1967, stating that the court lacked jurisdiction and that no cause of action was stated upon which relief could be granted.

Defendants also filed the following objections to the motion for temporary restraining order:

1. The motion does not allege facts which demonstrate that irreparable injury will result if a temporary restraining order is not issued;

2. The issuance of a temporary restraining order in this cause would not maintain the status quo, which is the primary purpose of such relief;

3. The relief sought by plaintiffs varies from the relief sought by the complaint, and no allegations of changed conditions are made;

4. A temporary restraining order may not be granted by a Court of this State.

On February 9, 1967, the court entered the following order which is the subject of this appeal:

This cause coming on to be heard on February 6, 1967, on the verified motion of plaintiffs for a temporary restraining order, and the Court having ex-

---

[1] This paragraph is entitled "Duty in case of threatened strike" and sets out the procedures to be followed by the Department of Labor in that situation.

amined the verified complaint herein, said motion with plaintiffs' supporting memorandum, the Objections to said motion and defendants' Motion to Dismiss, together with supporting memoranda, having heard oral argument of the parties, and being fully advised in the premises,

IT IS HEREBY ORDERED that plaintiffs' motion be granted, and an appropriate injunction writ issue without bond, in the following respects:

(1) Defendants John Cullerton (as Director of Labor of the State of Illinois) and Maude Myers (as Director of Personnel of the State of Illinois) are ordered to meet, personally or by their designated representatives, with representatives of Local 1006, American Federation of State, County, and Municipal Employees, AFL–CIO, on behalf of the 1,854 employees of the Bureau of Employment Security, State of Illinois, whose names appear in the Petitions attached to the complaint as Exhibit A, on March 2, 1967, in Room 1414, 160 North La Salle Street, Chicago, Illinois, at 1:00 P. M.;

(2) At said time and place plaintiffs shall present demands, proposals and recommendations in writing, pertaining to hours, wages and working conditions of said employees of the Bureau of Employment Security, to defendants or their designated representatives;

(3) Following said meeting the parties may meet at such times and places as are mutually agreeable, but, in any event, shall conduct at least one meeting no later than March 17, 1967, for the purpose of responding to any demands, proposals or recommendations which were submitted to defendants at the first said meeting;

(4) Within 14 days of the said second meeting, the parties shall report the results of said meetings to this Court.

Defendants contend that the court abused its discretion in granting the mandatory injunction. We must therefore determine whether in the instant case there has been a showing that it is an extreme case where the right is clearly established and extreme urgency exists for these are the rigid standards and limits of discretion in the issuance of a preliminary mandatory injunction.

■■ The guiding principles relating to the issuance of a temporary mandatory injunction are well stated in *Ambassador Foods Corp. v. Montgomery Ward & Co.*, 43 Ill App2d 100, 192 NE2d 572, at page 104:

> There is a sound judicial skepticism concerning the need of a mandatory injunction even when its issuance is sought after a full hearing of the case. So much more so is this true when the court is asked to make such drastic use of its powers preliminarily. We are dealing here with "an extraordinary remedial process which is not a matter of right, but may be granted only upon the exercise of sound judicial discretion *in cases of great necessity.*" [Citing cases.]
>
> For a court to find that there exists the extreme urgency or "great necessity" justifying a mandatory injunction, the need for such relief must, indeed, be clearly established and free from doubt. [Citing cases.]

In *Cleaning & Dyeing Plant Owners Ass'n of Chicago v. Sterling Cleaners & Dyers, Inc.*, 278 Ill App 70, at page 77 it was said:

> The rule is that caution should be exercised in the issuance of a mandatory injunction based upon the sworn bill of complaint alone. The *plaintiff must make out a clear case, free from doubt or dispute,*

294

as a basis for its issuance. Where, as in the instant case, complete relief may be afforded the complainant upon a final hearing, upon the facts stated in the bill, the plaintiffs are not entitled to a temporary injunction which is mandatory in character. [Emphasis added.]

And at page 80 the court said:

"In view of these authorities thus clearly limiting the power of a court of equity in the issuance of mandatory preliminary injunctions to very rare cases of extreme urgency, where the right is clear indeed and free from reasonable doubt, the obvious question to be determined is whether such an extreme case is made by the bill and exhibits in this case."

The complaint (Count II) asks that defendant Myers be required to conduct negotiations affecting pay, hours of work or other working conditions with representatives of Local 1006. Exhibit A attached to the complaint is entitled "Petition for Collective Bargaining" and states that a controversy exists in that the employer has refused to recognize and negotiate in good faith with the authorized representative, Local 1006 of Council 34, American Federation of State, County, and Municipal Employees, AFL–CIO, in regard to wages, hours, and working conditions. The signers of the petition promise not to engage in any strike and then request that the Department of Labor should cause a hearing to be held. Exhibit B, attached to the complaint, is a letter dated November 22, 1966, addressed to defendants stating that a majority of the employees of the Bureau of Employment Security had authorized Local 1006 to be its exclusive representative for negotiating wages, hours and working conditions. It requests a meeting to discuss "mechanics and procedures" for conducting negotiations. Exhibit C,

also attached to the complaint, is a letter addressed to defendant Cullerton alone asserting that petitions of 1800 employees are enclosed requesting that a public hearing be called under "Chapter 10, Illinois Revised Statutes." [2] Plaintiffs' motion for a temporary restraining order again requests a public hearing "in order to expedite a settlement of said dispute and minimize the possibility of disruption of normal working conditions. . . ." It also alleges that defendants' failure to afford an opportunity to present demands, proposals and recommendations is likely to cause irreparable damage to plaintiffs and "permanently weaken constructive employer-employee relations . . ." The motion also requests that defendant Cullerton be requested to participate in said meetings

[2] The reference is to Illinois Revised Statutes, sections 20 and 21 of chapter 10.

Section 20 in relevant part:

When any controversy or difference not involving questions which may be the subject of an action at law or bill in equity, exists between an employer, whether an individual, copartnership or corporation, employing not less than twenty-five persons, and his employes in this State, the Department of Labor shall upon application as herein provided, and as soon as practicable thereafter, visit the locality of the dispute and make a careful inquiry into the cause thereof, hear all persons interested therein who may come before it, advise the respective parties what, if anything ought to be done or submitted to by both to adjust the dispute, and make a written decision thereof.

Section 21 in relevant part:

The application shall be signed by the employer or by a majority of his employes in the department of the business in which the controversy or difference exists, or by both parties, and shall contain a concise statement of the grievances complained of, and a promise to continue on in business or at work without any lockout or strike until the decision of said Department, if it shall be made within 3 weeks of the date of filing said application. As soon as may be after the receipt of the application the Department shall cause public notice to be given of the time and place of the hearing thereon; . . .

"in accordance with the spirit of the provisions of Chapter 10, Illinois Revised Statutes, paragraph 26 . . ." which is entitled "Duty in case of threatened strike" and sets out the procedures to be followed by the Department of Labor in that situation.

■ We can understand the trial court's laudable interest in the peaceful settlement of the dispute between the parties, but we cannot sanction the use of the extraordinary remedy of mandatory injunction under the circumstances of this case. There was no showing of an emergency, no evidence of serious injury to the plaintiffs if the injunction were not issued and certainly no right clearly established. Under the pleadings is it clear (1) that section 20, chapter 10 of the Illinois Revised Statutes relating to controversies between employer and employee applies to state employees or (2) that section 26 of that statute can apply, even in spirit, to a threatened strike by state employees? Is defendant Myers obliged to deal with union representatives as bargaining agents for both union and nonunion employees by virtue of section 9(7) of the Personnel Code [3] which requires the Director to "conduct negotiations affecting pay, hours of work, or other working conditions of employees subject to this Act?" Can the term "negotiations" be construed to mean conferences to "discuss the mechanics and procedures for conducting negotiations" when no specific demands or complaints about wages, hours or working conditions have been shown? The record contains no answer to these questions and we feel that until they and other questions relating to the rights of plaintiffs to relief are determined by the trial court, no showing has been made which would entitle plaintiffs to a temporary mandatory injunction.

Plaintiffs argue that it was within a court's discretion to grant the temporary mandatory injunction relying

---

[3] Chapter 127, section 63b109(7), Illinois Revised Statutes (1965).

heavily on Scholz v. Barbee, 344 Ill App 630, 101 NE2d 845, where a mandatory injunction was issued to preserve the status quo between joint owners of real estate who had contracted between themselves as to occupancy of parts of the premises and defendants had excluded plaintiffs from use of one of the common rooms and had commenced remodeling a flat in violation of that contract. Scholz is distinguishable since immediate relief was needed in that case to preserve the status quo and to protect the equitable rights of the complainant.

The order of the Circuit Court issuing an injunction writ is reversed.

Reversed.

McCORMICK, P. J. and ENGLISH, J., concur.