**Harry E. Schoen, Plaintiff-Appellant, v. Caterpillar Tractor Co., a Corporation, Defendant-Appellee.**

**Gen. No. 68–57.**

Third Judicial District.
December 11, 1968.

197

Moehle, Moehle, Reardon & Sincock, of Pekin, for appellant.

Miller, Westervelt & Johnson, of Peoria, for appellee.

SCHEINEMAN, J.

The plaintiff brought this suit for damages charging defendant with breach of an oral contract to employ him. The defendant filed a motion for summary judgment, attaching copies of the complaint, the answer, and the pretrial deposition of the plaintiff. In the latter plaintiff stated the conversation he had with defendant's employing officer, which disclosed there was no definite term of

employment specified. Thereupon the trial judge allowed the motion and entered summary judgment against the plaintiff.

On this appeal, it is not contended that the alleged contract specified any definite term of employment. But it is asserted that there was an issue of fact raised by the complaint and answer, therefore it was not proper to enter a summary judgment.

■ There was no counteraffidavit filed attempting to deny the contents of the plaintiff's deposition. It is eminently clear therefrom that no term of employment was agreed upon. This presented a question of law for the court. It does not matter that there is an apparent issue of fact raised by the complaint and answer. It is well settled that such purported issue cannot prevail when the affidavit discloses there is no issue of fact to be tried. Pefferle v. Prairie Mills, Inc., 72 Ill App2d 440, 218 NE2d 247; Solone v. Reck, 32 Ill App2d 308, at 311, 177 NE2d 879.

■ Where admissions in the deposition of a party are not controverted or even attempted to be controverted, it is proper to test the legal effect of the admitted facts by summary judgment procedure. Allen v. Meyer, 14 Ill2d 284, at 291, 152 NE2d 576; Meier v. Pocius, 17 Ill App2d 332, 150 NE2d 215.

■ Where an executory contract fixes no time it is to be continued in force, it is terminable at the will of either party. First Mission Covenant Church of Rockford v. Rockford Broadcasters, Inc., 324 Ill App 8, 56 NE2d 632; Joliet Bottling Co. v. Joliet Citizens' Brewing Co., 254 Ill 215, 98 NE 263; Atwood v. Curtis Candy Co., 22 Ill App2d 369, 161 NE2d 355; Gage v. Village of Wilmette, 315 Ill 328, 146 NE 325.

Notwithstanding this well known rule of law, and ignoring plaintiff's statement that, under the alleged contract, he could quit any time he desired, it is contended

that the rule does not apply in this case. The reason given is that defendant told him he would have to quit his current employment in order to work for defendant, and that he did quit.

It is argued that this was a detriment to him and thus was consideration for an agreement by defendant to employ him. But there is no evidence that giving up his current employment made him unemployable. On the contrary, he testified to having worked for a number of employers up to the date of the hearing, and at that time was earning higher wages than the defendant had offered.

■■ "Where there is no particular detriment to the employee, the act of terminating other employment is not a sufficient consideration to make the new contract binding." Heuvelman v. Triplett Electrical Instrument Co., 23 Ill App2d 231, at 235, 161 NE2d 875.

■ ■ In Illinois, mutuality of obligation is essential to make an executory contract enforceable. Since the Caterpillar Company could not enforce it against Schoen, he cannot enforce it against the company. Vogel v. Pekoc, 157 Ill 339, 42 NE 386; Meadows v. Radio Industries, 222 F2d 347; Goodman v. Motor Products Corp., 9 Ill App2d 57, 132 NE2d 356.

The entry of summary judgment in this case was proper and it is affirmed.

Judgment affirmed.

ALLOY, P. J. and STOUDER, J., concur.