(No. 41933.—

JERRY TOLBIRD *et al.*, Appellees, *vs.* JAMES M. HOWARD *et al.*, Appellants.

*Opinion filed November 26, 1969.*

CARLON & CARLON, of Normal, (PATRICIA A. CARLON, of counsel,) for appellants.

ROBERTS AND KEPNER, of Springfield, (MAURICE KEPNER, of counsel,) for appellees.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

Plaintiffs, Jerry Tolbird and Lora Tolbird, sellers, sued defendants, James M. Howard and Alma R. Howard, purchasers, to recover certain unpaid installments allegedly due on an installment contract for the sale of real estate. Also included in a separate count is a complaint for judgment on a $552 promissory note given plaintiffs by defendants at the time of the sale. Defendants answered setting up numerous defenses and counterclaimed for $552 alleging plaintiffs misrepresented their ownership of the property. The trial court, after a bench trial, entered judgment against plaintiffs on the complaint and against defendants on the counterclaim. The Appellate Court for the Fourth Judicial District

reversed the trial court judgment for defendants as to the contract installments and affirmed the judgment against defendants on their counterclaim, holding the contract valid and enforceable but the note unenforceable. (101 Ill. App. 2d 236.) We granted leave to appeal.

With the reservation hereinafter noted we affirm the Appellate Court judgment as to count II relating to defendants' liability under the installment contract. Its affirmance of the trial court's judgment as to count I, however, must be reversed. That count sought judgment upon the promissory note above referred to. The trial court entered judgment for defendants, but made no findings of fact. It is necessary for us to consider only one of the defenses raised by defendants, for the Appellate Court's disposition of the other defenses in its discussion of the contract liability is also applicable to the note. The exceptions to this are defendants' contentions regarding the absence of consideration and the existence of a valid, oral agreement entered into contemporaneously with the execution of the written contract. That contract obligated plaintiffs to furnish defendants with an abstract showing merchantable title in plaintiffs, but specified no date for delivery of the abstract. Defendants contend the parties discussed this, and plaintiffs agreed to furnish this evidence of title prior to the due date of the second installment. Such discussion and agreement never occurred according to plaintiffs.

As earlier noted, the trial court judgment was not accompanied by any findings of fact, and it is impossible to be certain whether the trial court believed plaintiffs had failed to prove an essential element of their case or found one or more of the defenses were sufficient. Since a reviewing court must presume a trial court entering judgment in favor of defendant has found all controverted facts in his favor (*Mulvihill* v. *Shaffer*, 297 Ill. 549, 553; see *Union Drainage Dist.* v. *Hamilton*, 390 Ill. 487, 493) we are bound to assume the trial court found a valid, oral contemporaneous agreement

to deliver the abstract prior to the second installment due date had been made and breached by plaintiffs. It is defendants' position that plaintiffs' breach of this agreement rendered the written contract unenforceable. Were this true, the consideration for the execution of the note would also be eliminated.

We have carefully examined the evidence relied on by defendants as establishing the oral contemporaneous agreement. It consists principally of the testimony of defendant James Howard which is generally vague and largely conclusional in nature. It is, in our opinion, clearly insufficient to establish any agreement by plaintiffs to furnish an abstract of title before the due date of the second installment or at any other specified time prior to completion of the contract. If a finding to the contrary was the basis for the trial court judgment, that finding was, in our opinion, contrary to the manifest weight of the evidence. Since we hold the evidence insufficient to establish such agreement, we need not consider its effect.

The defense to the suit on the note of the absence of consideration is also predicated in part on the parol evidence rule. Defendants point out that the written contract provided that "the total purchase price to be paid by BUYERS to sellers shall be the sum of TWENTY THOUSAND, FOUR HUNDRED SIXTY-NINE AND 78/100 DOLLARS ($20,469.78) * * *", and urge that plaintiffs cannot now vary these terms by showing the sale of the property was also the consideration for a note not referred to in the written contract. Plaintiffs argue that, notwithstanding the above clause in the contract, the sale of the property was the consideration for the note. Jerry Tolbird testified that he had previously contracted to sell the property to a couple on an installment sale with the monthly installments equal to the monthly payments. The husband had died, and Tolbird had permitted the widow to remain in the house without meeting the installments. At the time the parties to this action were

negotiating their agreement, plaintiffs had made three monthly mortgage payments without having received corresponding amounts from the widow. Tolbird testified that he requested that defendants pay plaintiffs the total of these three monthly mortgage payments and then continue to pay the mortgage payments to the mortgagee until the mortgage was satisfied. Tolbird testified, "this is like a down payment". The following then occurred:

"Q. [Defense counsel] This note was, then, the back rent payments?

A. No, it was not back rent.

Q. This was down payment then, is that correct?

A. I presume you could call it the down payment.

Q. Why is there no down payment recited in the contract?

A. When I had the contract drawn up I told Mr. Mills [a lawyer] I would be getting five hundred fifty two dollars down and would he please write this up for me, this is the way he told me to do it.

Q. But it is not recited in the contract is it?

A. The Five hundred fifty two dollars?

Q. Yes.

A. No."

The record contains the following cross-examination of the defendant:

"Q. And the note that was signed was for the down payment of the house, was it not?

DEFENSE COUNSEL: Objection, I withdraw the objection.

THE WITNESS: I understand that Mrs. Lyons had lived in the house three months and I was paying her back rent in order to go into the house.

PLAINTIFFS' COUNSEL: And who were you paying it to?

A. Who would I pay it to?

Q. Umm humm.

A. Jerry. [Plaintiff]

Q. And you didn't have the cash, at that time?

A. That's correct.

DEFENDANTS' COUNSEL: Objection, whether or not he had the cash is immaterial.

THE COURT: Objection overruled, he has already answered.

PLAINTIFFS' COUNSEL: So you signed a note which is payable January 1st?

A. Yes.

Q. This was part of the deal concerning your purchase of the house, wasn't it?

A. Yes."

The defendants' complaint that no extrinsic evidence which contradicts the express terms of the written contract should be considered is first presented on review. Although in some jurisdictions, the parol evidence rule has been construed to prohibit the consideration of any extrinsic evidence which contradicts the express terms of the written contract, what authority exists in this jurisdiction seems to follow the majority rule that evidence violating the parol evidence rule can be considered if not properly objected to at trial. (*Hercules Power Co.* v. *Rowan,* 245 Ill. App. 291, 293; *cf., Lang* v. *Parks,* 19 Ill.2d 223, 227; see generally, Annot. 92 A.L.R. 810.) We hold that consideration of this testimony is permissible since, in any event, it was not properly objected to at trial and objection may not be made, for the first time, on appeal. A like conclusion follows as to the testimony of the defendant which was given without any mention of the position defendant now takes.

Defendants are furthermore precluded from now asserting that no consideration existed for the note because testimony of the defendant heretofore quoted constituted a judicial admission. A party can by his own testimony make a judicial admission which, depending upon the circumstances, conclusively precludes subsequent assertion of a contrary position (see *McCormack* v. *Haan,* 20 Ill.2d 75, 78-79) even though that testimony is given in violation of

the parole evidence rule. (*Brady* v. *Nally*, 151 N.Y. 258, 45 N.E. 547; 9 Wigmore on Evidence (3d ed. 1940) § 2592.) The evidence in the record clearly establishes that the consideration for the note was the sale of the property. Since it was properly before the court, and since we have held the evidence insufficient to establish an oral contemporaneous agreement breached by plaintiffs, judgment should also have been given for plaintiffs as to count I relating to the note.

We next turn to the question of whether the appellate court might properly order, as it seems to have done, that the plaintiffs be permitted to amend their complaint to include installments that had accrued during the pendency of the appeal, and direct the trial court to enter judgment therefor. Defendants complain that the matter of any installments accruing after the trial court judgment was not properly before the appellate court since the complaint sought judgment only for the installments due at the time of the trial court proceedings, and the plaintiffs did not move to amend their complaint in the reviewing court as provided in Rule 362. (Ill. Rev. Stat. 1967, ch. 110A, par. 362.) We agree that under these circumstances the matter of installments accruing subsequent to the trial court judgment were not subject to appellate court action. To the extent that it could be construed to preclude the defendants from asserting defenses they may have against plaintiffs' claims on the subsequent installments, the appellate court mandate is improper.

The judgment of the appellate court is reversed as to count I of the plaintiffs' complaint and affirmed as to count II except insofar as its mandate included installments subsequent to the trial court judgment.

*Reversed in part and
affirmed in part.*