Neal A. McErlean et al., Plaintiffs-Appellees, v. Harvey Area Community Organization et al., Defendants-Appellants.

(No. 56458;

First District—December 29, 1972.

*Rehearing denied January 29, 1973.*

528

Ronald Barliant, of Cook County Legal Assistance Foundation, Inc., of Chicago, for appellants.

Mayer, Brown & Platt, of Chicago, (Patrick W. O'Brien of counsel,) for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This appeal, pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1971, ch. 110A, par. 307), is from an order granting a temporary injunction restraining defendants from:

"(a) Congregating in front or within 1,000 feet of plaintiff Neal McErlean's home or entering upon his home property; and

(b) Communicating to persons going to, from or attending services at Infant Jesus of Prague Church in the nature set forth in the complaint including, but not limited to, distribution of written or printed materials attacking the business practices of the plaintiff."

No answer was filed, but defendants appeared and the legal sufficiency of the complaint was orally argued. The facts as alleged in the complaint follow.

Plaintiff McErlean is a builder of F.H.A. subsidized homes in the Harvey, Illinois area. Defendants are a community organization from that area and the individual officers thereof. In furtherance of their complaints of shoddy construction and in an effort to force repairs by plaintiff's company, defendants embarked upon a campaign to publicize their grievances. They distributed handbills accusing plaintiff of shoddy construction, charging inflated prices for homes, and reneging upon an agreement he made with defendants to undertake repairs. These handbills were distributed in the Harvey area, and on August 29, 1971, they were

handed to parishioners at the entrance of plaintiff's church in Flossmoor, Illinois. These handbills contained plaintiff's home telephone number.

On August 27, 1971, at approximately 9:30 A.M., a delegation of 15 to 20 persons appeared at plaintiff's home in Flossmoor and began repeating their grievances and demands for repairs. His complaint alleges that the persons were the defendants or their agents, and that they did not leave his property until police were summoned. The trial court, after hearing arguments that the distribution of handbills at plaintiff's church and the visit of the delegation to plaintiff's home were an invasion of privacy, directed that a temporary injunction be issued.

■■ In the absence of an answer, an injunction must be measured by the sufficiency of the complaint. (*Centennial Laundry Co. v. West Side Org.*, 34 Ill.2d 257; *H.K.H. Devel. Corp. v. Metropolitan San. Dist.*, 47 Ill.App.2d 46.) In such a case, all well-pleaded facts are to be taken as true. (*Rutledge v. St. Vincent Memorial Hospital*, 67 Ill.App.2d 156.) However, it is an extraordinary remedy, and the complaint must show clearly that the relief sought is warranted. Allegations supporting the claim must be positive, certain, and precise. Mere opinion, conclusion, or belief will not suffice. *Hope v. Hope*, 350 Ill.App. 190; *Stenzel v. Yates*, 342 Ill.App. 435.

■■ A preliminary injunction will not be issued unless there is a probability of success on the merits and a need to preserve the *status quo* in order to prevent an irreparable injury for which there is no adequate remedy at law. (*Scholz v. Barbee*, 344 Ill.App. 630; *Schlicksup Drug Co., Inc. v. Schlicksup*, 129 Ill.App.2d 181.) We proceed to an examination of the temporary injunction issued in the instant case.

■■ Insofar as it pertains to plaintiff's home and its immediate surrounding area, the injunction is improper for a number of reasons. The averments of the complaint relating to the delegation's activities at plaintiff's home do not allege facts which could be the basis of any recognized action for invasion of privacy. (See Prosser, Torts § 117 (4th ed. 1971).) The facts alleged do not constitute residential picketing of plaintiff's home. The complaint alleges only that on one occasion a group appeared at plaintiff's home and refused to leave until the police were summoned. While these allegations may show a trespass, nothing in the complaint, other than plaintiff's assertion that he is informed and believes such, indicates that these actions are or threaten to be continuing in nature. A single act of trespass will not be enjoined as the legal remedy is deemed to be adequate. (*Scholz v. Barbee, supra; Fidler v. Roberts*, 41 F.2d 305 (7th Cir. 1930).) The mere belief or conclusion that a trespass will be repeated is likewise insufficient to support injunctive relief. (*Hope v.*

*Hope, supra; Stenzel v. Yates, supra.*) . Defendants were enjoined from congregating within 1,000 feet of plaintiff's home. The allegations of the complaint do not show a need or a basis for barring defendants' activities within the plaintiff's property line or beyond it.

■■ The pamphleteering at plaintiff's church, enjoined in the second portion of the injunction, is constitutionally protected under the first amendment. (*Organization for a Better Austin v. Keefe* (1971), 402 U.S. 415.) Plaintiff argues that the injunction in that case was vacated because it was too broad in scope, and because the activities enjoined were racially motivated, whereas in the instant case only an economic dispute is involved which has less first amendment protection. *Keefe*, however, turned upon the nature of the activities enjoined rather than the scope of the proscription. The activities there complained of would be no less lawful if the injunction issued had been more restrictive in scope. Neither is this court persuaded by the attempt to distinguish politically, socially, or racially motivated methods of expression from those involving a purely economic dispute. A community organization embarked upon a militant campaign to secure housing improvements in its area is involved in a matter of public concern. Even if defendants' actions were the result of a purely economic dispute, the United States Supreme Court has made it clear that the guarantees of freedom of speech are not the exclusive preserve of political expression or comment upon public affairs. *Time, Inc. v. Hill* (1967), 385 U.S. 374; *Mine Workers v. Illinois Bar Assn.*, 389 U.S. 217.

The order granting a temporary injunction is reversed and the cause is remanded for such other and further proceedings as are not inconsistent with the views expressed herein.

Reversed and remanded.

STAMOS, P. J., and LEIGHTON, J., concur.