14 Ill. App.3d 619 (1973)
303 N.E.2d 46
MYRON O. STEINBERG, Plaintiff-Appellee,
v.
KEEPPER-NAGEL REAL ESTATE INVESTMENTS, INC., Defendant-Appellant.
No. 72-83.
Illinois Appellate Court  Second District.
October 17, 1973.
Rudnick, Wolfe, Snyderman & Foreman, of Chicago, for appellant.
Steinberg, Polacek & Steinberg, of Chicago, for appellee.
Judgment affirmed.
Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Defendant appeals from a summary judgment entered by the circuit court of Lake County declaring null and void a real estate sales contract relating to some 22 acres of land in the Village of Mundelein.
The contract entered into on March 20, 1969 was between plaintiff as seller and defendant as purchaser and consists of 18 numbered paragraphs. Paragraph 4 obligated defendant to perform within 30 days soil boring and organic content tests on the property and deliver the results thereof to the plaintiff. Paragraph 5 required defendant to "undertake" at its own expense to cause a rezoning of the property by the village so that the proposed planned development (of multi-family dwelling structures thereon with a density of not less than 17 dwelling units per acre) could be effectuated and approved, and plaintiff agreed to cooperate *620 in such efforts; it further provided that the "rezoning condition must be satisfied within 180 days from the date the village * * * lifts its moratorium to apartment rezoning and a copy of a letter incidental thereto is served upon" the defendant and a copy to its attorney. In Paragraph 9(a) plaintiff expressly warranted that "adequate water and storm and sanitary sewer facilities * * * to service the planned development have been constructed to [sic] and are available at the property site."
The moratorium to apartment rezoning was by ordinance adopted in November 1968 which was stated therein to be due to the fact that a new master plan for zoning and planning was in preparation which "may not be completed until some time in 1969."
While this moratorium was in effect defendant made several attempts to cause the village to grant rezoning and approve its planned development but without success, even though the Mundelein Zoning and Planning Commission had recommended approval. It is not clear from the pleadings and record whether the failure to adopt a new master plan was the only reason for the village's failure to lift the moratorium, or whether it was due to the Illinois Environmental Protection Agency's refusal of a permit to extend existing sanitary sewers because of the inability of the village's sewage treatment works to treat additional wastes, and the Agency's determination that no additional connections should be made thereto until "the sewage treatment plant project is complete and operational."
In May 1971, more than two years after the contract was entered into, the moratorium still being in effect, plaintiff filed its complaint for declaratory judgment that the contract between the parties be declared void for want of mutuality of obligation and mutuality of enforcement, and for indefiniteness as to any period of compliance or enforcement.[1]
Defendant filed its answer and counterclaim. The counterclaim alleged that plaintiff's warranty as to the adequacy of sewer facilities was false and fraudulent and asked for $50,000 in damages resulting therefrom. Plaintiff's answer denied that the warranties were false and fraudulent.
In July, 1971, plaintiff moved for judgment on the pleadings, or in the alternative for summary judgment. A deposition was thereafter taken of Karl Nagel, secretary of the defendant, which plaintiff filed, with leave of court, in support of his motion for summary judgment. Defendant filed no counter affidavit either prior to or at the hearing.
In December 1971 the court filed its memorandum declaring the contract *621 void for want of mutuality of obligation and directed plaintiff's counsel to prepare and submit an order granting summary judgment and dismissing defendant's counterclaim.
On January 14, 1972 defendant filed its unverified motion, with numerous exhibits, to vacate the findings contained in the court's memorandum, and objected to the court's reliance upon a statement of the deponent as to his understanding of the terms of the contract. That motion was denied and the court entered the judgment appealed from.
In the deposition taken by plaintiff of Mr. Nagel, who negotiated and signed the contract of March 20, 1969 on behalf of defendant, the following colloquy occurred:
"Q. Was it your understanding with Mike Steinberg on March 20, 1969, and which understanding was embodied in this alleged agreement, that at any time from the time that contract was entered into thereafter, that you could, under your sole discretion, terminate at will any "undertaking" or further attempt to have the property zoned so that the planned development could be effectuated thereon or could at your sole discretion terminate at will any attempt to obtain approval of the planned development on the property?
THE WITNESS: A. Yes; that's my understanding."
In its memorandum opinion, holding the contract void for want of mutuality of obligation, the trial court pointed out in substance, that it did so because "since the inception of the contract to the present," as admitted by Mr. Nagel, "this contract is terminable at the will of defendant, and plaintiff has never had any forceable rights thereunder." The record shows no objection by defendant to the filing or use of that deposition in support of plaintiff's motion for summary judgment.
 1 It was not until after the court filed the memorandum opinion in December, 1971, that defendant filed its motion to vacate the court's finding. In that motion the defendant stated that "fair minds are capable of disagreement as to the definition, interpretation and construction to be given to the word `undertake'" as used in that contract. In this court, defendant contends, in effect, that the meaning of the word was clear and unambiguous, and that the trial court's use of Mr. Nagel's deposition, and particularly his statement concerning the understanding of the parties as to the meaning of the word, violated the parol evidence rule. Even if it be assumed that the word "undertake" is clear and unambiguous, it was permissible for the court to consider Mr. Nagel's testimony since the use of it was not objected to in the trial court; and objection may not be raised for the first time on appeal. Tolbird v. Howard (1969), 43 Ill.2d 357, 362, 253 N.E.2d 444, 447.
*622 Defendant further contends that mutuality of obligation is not essential to make an executory contract enforceable. This contention is without merit. Although the contract of March 20, 1969, stated in general terms that "time is of the essence," the only time limit for performance mentioned is "within 180 days" of the lifting of the moratorium. Thus it is clear that the contract did not express any time limit for its performance. Three (3) years had elapsed and the moratorium had not yet been lifted
 2 Where no definite time is fixed during which an executory contract shall continue in force, it is terminable at the will of either party and mutuality of obligation is essential to make it enforceable. Schoen v. Caterpillar Tractor Co. (1968), 103 Ill. App.2d 197, 199, 200, 243 N.E.2d 31, 33.
 3 Therefore the trial court did not err in declaring the contract void for want of mutuality of obligation. Since the contract was void the counterclaim based thereon was properly dismissed.
Affirmed.
GUILD, P.J., and ALLOY, J., concur.
NOTES
[1] Although the complaint includes three counts, there is no need to discuss them separately.