VIRGIL HEEREN *et al.*, Plaintiffs-Appellants, *v.* SONNEBORN BROTHERS, Defendants-Appellees.

Fourth District   No. 12596

Opinion filed June 3, 1976.

Denis McGrady, Jr., of McGrady, Madden & McGrady, of Gillespie, for appellants.

Stuart Dobbs, of Denby and Dobbs, of Carlinville, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This action was brought by the Heerens to recover $925.64 which was withheld by the defendants, purchasers on two contracts for the sale of soybeans. Defendants argued at trial that the first contract was for 2,200 bushels at $4.31½ per bushel and that the second was for 1,500 bushels at $5.05 per bushel. Plaintiffs insisted that the quantity terms were couched in "more or less" language because they were really selling by estimates of bin content. Both contracts were oral at the outset, but defendants confirmed the second with a written memorandum which specified 1,500 bushels.

When defendants took delivery, plaintiffs tendered 1,896.21 and 1,375.67 bushels on the respective contracts. Defendants took the difference between these quantities and those they felt they had contracted for, multiplied it times the difference between the contract price and the market price at the time of delivery, and deducted that amount, $925.64, from their payment to the Heerens. The Heerens, on the other hand, expected $4.31½ per bushel for 1,896.21 bushels and $5.05 per bushel for 1,375.67 bushels and no deductions.

■■ The jury returned a verdict for plaintiffs granting a recovery of $813.74 on both contracts. However, the trial court then granted defendants a new trial as to the first contract and judgment *n.o.v.*, or, in the alternative, a new trial, on the second contract. No issue concerning the first contract is before us because plaintiffs failed to petition this court for leave to appeal the order for a new trial. (Supreme Court Rule 306; *Rodriguez v. Chicago Transit Authority*, 58 Ill. App. 2d 150, 206 N.E.2d 828.) The trial court did, however, make a written finding that there was no just reason for delaying enforcement or appeal of that portion of the order granting a judgment *n.o.v.* (Supreme Court Rule 304(a)). Moreover, plaintiffs filed timely notice of appeal. Hence, we will rule on the issues relevant to the second contract in this opinion. These issues go

to the appropriateness of the judgment *n.o.v.* and the impact of the statute of frauds and parol evidence rule in determining whether judgment *n.o.v.* was proper in this case.

■■ The trial court should enter a judgment *n.o.v.* only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. *(Pedrick v. Peoria & Eastern R.R. Co.,* 37 Ill. 2d 494, 229 N.E.2d 504.) Here, the plaintiffs, opponents of the motion, introduced a sufficient amount of evidence showing the contract to be for 1,500 bushels "more or less" to justify a jury verdict in their favor. Plaintiffs themselves testified that the quantity term was 1,500 bushels "more or less" and that they could not know exactly how many bushels of beans they had in their bins because they never took them into town for weighing. Plaintiffs also submitted testimony of another party that if he delivered less than the quantities mentioned in the contract he was not surcharged. Furthermore, Mrs. Sonneborn testified that defendant began sending out confirmation slips at some point in time between the two contracts with the Heerens because "we was having problems." From the testimony of these witnesses the jury could infer that quantity terms are often left uncertain and that the custom of the trade is not, as defendants would have it, to surcharge on short deliveries. Contradictory evidence at trial did not so overwhelmingly favor defendants that no verdict against them could ever stand.

■■ Defendants argue, however, that only the written confirmation was admissible as evidence concerning the quantity term because that memorandum meets the U.C.C. statute of frauds requirements (Ill. Rev. Stat. 1971, ch. 26, §2—201) and the parol evidence rule is applicable (Ill. Rev. Stat. 1971, ch. 26, §2—202). Defendants, however, failed to object on this ground at trial and are, therefore, foreclosed from raising the issue on appeal. *(Tolbird v. Howard,* 43 Ill. 2d 357, 253 N.E.2d 444.) Hence, this court can and does consider all the evidence as to the intent of the parties and holds that a verdict for plaintiffs could stand and that, therefore, the trial court improvidently granted judgment *n.o.v.*

Reversed and remanded for a new trial.

TRAPP, P. J., and CRAVEN., concur.