S & F CORPORATION, Plaintiff-Appellee, v. AMERICAN EXPRESS COMPANY et al., Defendants-Appellants.—(HARRIS TRUST AND SAVINGS BANK et al., Defendants.)

First District (4th Division)   No. 77-1094

Opinion filed May 11, 1978.—Rehearing denied June 2, 1978.

Richard E. Alexander, John S. Pacocha, and Stephen M. Flanagan, all of Richard E. Alexander, Ltd., of Chicago, for appellants.

Anthony J. Valentino and Patrick A. Tuite, both of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

This is an interlocutory appeal taken from certain orders of the circuit court of Cook County which entered and continued in effect a preliminary injunction preventing defendant, American Express Company (American Express), from terminating a written restaurant agreement with plaintiff, S & F Corporation (S & F). On appeal, defendants, American Express and Joyce B. Clegg, an employee of American Express, contend that: (1) there were insufficient allegations in the complaint of S & F to sustain the granting of a preliminary injunction; (2) the circuit court erred in denying the oral motion of American Express to dissolve the preliminary injunction; (3) the injunction orders entered by the circuit court were procedurally inadequate; and, (4) the preliminary injunction wrongfully enforces a totally new contractual relationship between S & F and American Express.

We find the complaint filed by S & F was legally insufficient to justify the granting of preliminary injunctive relief. Accordingly, we reverse the orders which entered and continued in effect the preliminary injunction.

On May 28, 1976, S & F and American Express entered into a restaurant

agreement pertaining to an establishment called "The Basement" at 874 N. Wabash Avenue, Chicago, Illinois. "The Basement" also does business as the "Candy Store," a nude dancing parlor which serves only soda pop and near beer.

The contract provided that S & F agreed "to permit Cardmembers to charge purchases of restaurant services at your establishment(s)" subject to enumerated conditions. It further stated: "In case that you [S & F] own and operate two or more establishments, American Express shall assign to each establishment a unique service establishment number. You [S & F] shall submit all Charges from each such establishment according to its respective service establishment number." Under the heading "Term of this Agreement" the contract provided:

> "This Agreement shall supersede any previous Agreement between us concerning the same subject and shall become effective when the enclosed copy of this letter, signed on your behalf, is received at our New York office. *This Agreement may be terminated by either of us at any time by written notice.* Unless we advise you of an earlier termination date, no such termination shall become effective until the distribution of the next Card Directory listings or any other promotional material listing service establishments from which your establishment can be deleted, or six months from the time the notice of termination is given, whichever is earlier, and you agree to honor Cards until such termination becomes effective." (Emphasis added.)

On May 4, 1977, Joyce B. Clegg, an employee of American Express and a defendant herein, sent a written notice of termination which was admittedly received by S & F, indicating that the restaurant agreement would terminate on May 13, 1977.

On May 17, 1977, the circuit court, based on S & F's emergency petition and verified complaint against American Express for injunctive relief and related damages, entered an ex parte temporary restraining order enjoining American Express from terminating S & F's credit card privileges. On May 25, 1977, the restraining order was continued in effect. American Express then removed the action to the Federal district court. Thereafter S & F amended its complaint, adding Illinois residents Joyce B. Clegg, Harris Trust and Savings Bank and Cosmopolitan National Bank as defendants.[1] On June 24, 1977, the case was remanded from the Federal district court to the circuit court of Cook County.

Count I of the amended complaint, seeking injunctive relief, alleged,

---

[1] Defendants Harris Trust and Savings Bank and Cosmopolitan National Bank were not included in the injunction orders appealed from and are not parties to this appeal.

*inter alia,* that defendants had created a demand for credit card services; that S & F required these services in order to compete in its industry; that defendants had encouraged S & F to use credit card services and had a duty to treat S & F equally and fairly; that in violation of this duty, defendants had conspired to terminate credit card services to S & F; and, that the termination of S & F's credit card privileges would put S & F out of business. In count II S & F again set forth the above allegations and further stated that by terminating its credit card services, American Express had slandered and defamed S & F's business reputation, and S & F requested appropriate injunctive relief. Count III sought related compensatory and punitive damages. A copy of the agreement was attached to the complaint.

■■ After the case was remanded from the Federal district court, and in response to S & F's petition for a rule to show cause and request that the temporary restraining order previously entered be reinstated and continued in effect, the circuit court, on June 28, 1977, entered a preliminary injunction[2] requiring American Express "to honor and pay all charges submitted to it by [S & F] from May 13, 1977 until further order of court."

Defendant, American Express, thereafter answered the complaint denying all material allegations and affirmatively alleging that the restaurant agreement was terminable at will upon written notice and that the establishment operated by S & F offered no restaurant services.

A hearing was held on July 12, 1977, at which time American Express asked leave to present several witnesses out of the regular order of proof. Sidney Finzelber, president of S & F, was called as an adverse witness by American Express. He testified that S & F used the name "The Basement" as a trade name for its checking account in connection with the establishment covered by the restaurant agreement. However, the name "Candy Store" appeared on the marquee outside the building and in all advertising for the establishment. The "Candy Store['s]" bill of fare included only soft drinks and near beer.

Michael Kidd, district manager of American Express, explained the "negative float" procedure followed by American Express in processing charges. On cross-examination he stated that to his knowledge American Express had not sustained a loss due to charges processed through S & F, although several card members had contested bills from the "Candy Store." American Express had realized a substantial commission under its

---

[2] The June 28, 1977 order referred to the injunction as a "temporary injunction." This term is not appropriate. (See Ill. Rev. Stat. 1977, ch. 69, pars. 3 and 3—1; *Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 170, 300 N.E.2d 484; *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348, 302 N.E.2d 394.) We will therefore refer to the trial court proceedings as pertaining to a "preliminary injunction."

contract with S & F. Both Kidd and Joyce B. Clegg testified that they had no contact with anyone at Cosmopolitan National Bank or Harris Trust and Savings Bank in regard to cancelling the agreement with S & F.

S & F presented no evidence at the July 12 hearing. At the conclusion of the hearing, the oral motion of American Express to dissolve the injunction was denied and the trial court continued in effect the previously entered preliminary injunction. American Express thereupon appealed from the June 28 and July 12, 1977, orders pursuant to Supreme Court Rule 307(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 307(a)(1)).

OPINION

■■ American Express argues that the allegations of the complaint were insufficient to establish S & F's right to preliminary injunctive relief. For a preliminary injunction to issue, a plaintiff must establish that: (1) he possesses a certain and clearly ascertained right which needs protection (*Bromberg v. Whitler* (1978), 57 Ill. App. 3d 152, 372 N.E.2d 837; *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348, 302 N.E.2d 394; (2) he will suffer irreparable injury without the protection of the injunction (*Knuppel v. Adams* (1973), 12 Ill. App. 3d 708, 298 N.E.2d 767); (3) there is no adequate remedy at law for the injury (*La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252; and (4) plaintiff is likely to be successful on the merits (*McErlean v. Harvey Area Community Organization* (1972), 9 Ill. App. 3d 527, 292 N.E.2d 479).

A preliminary injunction is an extraordinary remedy, and it will not issue unless a clear right to the relief is shown. (*Whitaker v. Pierce* (1976), 44 Ill. App. 3d 148, 358 N.E.2d 61.) The issuance of a preliminary injunction is within the discretion of the trial judge. (*Summit Electric Co. v. Mayrent* (1974), 17 Ill. App. 3d 545, 308 N.E.2d 313.) Nevertheless, such discretion is not unlimited, finding its measure principally in the sufficiency of the complaint. (*McErlean v. Harvey Area Community Organization* (1972), 9 Ill. App. 3d 527, 292 N.E.2d 479.) The only question brought before a reviewing court on an interlocutory appeal is whether there was a sufficient showing to sustain the order of the trial court granting or denying the relief sought. *Schwalm Electronics, Inc. v. Electrical Products Corp.* (1973), 14 Ill. App. 3d 348, 302 N.E.2d 394.

Here the temporary restraining order and, later, the preliminary injunction were issued before American Express answered the complaint. (See *Summit Electric Co. v. Mayrent* (1974), 17 Ill. App. 3d 545, 308 N.E.2d 313.) Although S & F suggests that other "evidence" was presented at the May 17, 1977, ex parte proceeding before the trial judge, no report of proceedings or other evidence has been included in the record which would allow us to consider it. Our review of the trial court's

issuance of the preliminary injunction thus rests solely on the sufficiency of the complaint.

S & F argues that although the restaurant agreement entered into with American Express states it is terminable at will by either party and upon written notice, due to American Express' creation of a credit card market and S & F's alleged reliance on the market to continue in business, the termination provisions should not be enforced according to their terms. Thus, S & F suggests, judicial intervention is necessary to prevent a termination of the agreement.

■■ The first question, which is dispositive of this appeal, is whether S & F's complaint establishes a clear right to the relief sought. In construing a contract, the determinative factor is the intention of the parties. The intention of the parties must be determined from the language employed in the contract and, where there is no ambiguity, from such language alone. *Gardiakos v. Vanguard Communications, Inc.* (1976), 38 Ill. App. 3d 937, 350 N.E.2d 210.

We find no ambiguity in this contract and, therefore, no need to employ theories of construction. The contractual relationship between American Express and S & F was terminable by either party upon written notice. There was no requirement that cause be the basis for termination. In this instance, the terms of the agreement, rather than the nature of the business engaged in by either party, must control the result.

Contractual provisions providing for termination of an agreement are generally enforceable according to their terms. The applicable law can be stated as follows:

> "A contract may provide that it shall come to an end at the option of one or either of the parties; and such a stipulation when fairly entered into will be enforced if not contrary to equity and good conscience, and if not in violation of any limitation imposed by statute. Irreparable harm, in and of itself, is insufficient to prevent the otherwise lawful termination of a contract." 17A C.J.S. *Contracts* §399 (1963).

■■ Illinois courts have repeatedly held that executory contracts of indefinite duration are terminable at the will of either party. (*Kraftco Corp. v. Koblus* (1971), 1 Ill. App. 3d 635, 274 N.E.2d 153; *Schoen v. Caterpillar Tractor Co.* (1968), 103 Ill. App. 2d 197, 243 N.E.2d 31; *Gage v. Village of Wilmette* (1924), 315 Ill. 328, 146 N.E. 325.)[3] In *Gage v. Village of Wilmette* (1924), 315 Ill. 328, 146 N.E. 325, our supreme court held that an injunction will not be granted to restrain a party from discontinuing performance under an executory contract which is terminable at will. We see no reason to find otherwise, especially in the

---

[3] By citing these cases we do not mean to imply that the agreement between American Express and S & F lacked mutuality of obligation.

instant case where the restaurant agreement specifically states that the contract can be so terminated.

■■ Since the restaurant agreement contained an apparently valid termination provision, the trial court erred in granting the preliminary injunction because S & F did not establish a clear right to the relief sought. Moreover, the broad nature of the relief granted by the trial court was inappropriate. Although initially characterized as a restraining order, the relief sought by S & F can best be described as a temporary decree of specific performance or mandatory injunction. (See *Ambassador Foods Corp. v. Montgomery Ward & Co.* (1963), 43 Ill. App. 2d 100, 192 N.E.2d 572.) A preliminary mandatory injunction may issue only when the need for such relief is clearly established and free from doubt. (*Peckler v. Cullerton* (1968), 92 Ill. App. 2d 290, 236 N.E.2d 289.) As a general rule mandatory preliminary injunctive relief is not favored by the courts, and the only justification for such relief is to maintain the status quo, where it is necessary to prevent irreparable injury. *Halvorsen v. Richter* (1976), 37 Ill. App. 3d 344, 345 N.E.2d 220.

■■ As American Express suggests in its brief, the preliminary injunction entered by the trial court does not preserve, but alters the status quo. American Express was ordered to honor "all charges" made in "any establishment owned by S & F Corporation." The injunction was to remain in effect "until further order of court." When compared to the actual terms of the restaurant agreement, requiring American Express to honor only charges for "restaurant services" made at "The Basement" and permitting termination of the agreement by either party upon written notice, it becomes apparent that the trial court has ordered the enforcement of an agreement entirely different than the one created by the parties.

Having held that the trial court erred in issuing the preliminary injunction in this case, it is unnecessary to reach the remaining contentions raised on appeal. We note, however, that the trial court's denial of American Express' motion to dissolve the preliminary injunction was improper. The oral motion to dissolve was made after American Express had answered the complaint, denying the allegations of the complaint and affirmatively alleging that the agreement was terminable at will. A partial hearing had been held at which time American Express presented several witnesses. S & F presented no evidence to substantiate its prayer for injunctive relief. At that stage in the proceedings the trial court was required to look at the verified pleadings and weigh the other evidence to determine if S & F had sustained its burden of proving a clear right to the injunctive relief. (*McFetridge v. First Commercial Bank* (1961), 28 Ill. App. 2d 512, 171 N.E.2d 791.) The motion of American Express to dissolve the injunction should have been granted.

It must be emphasized that our decision is limited to the narrow questions presented by the record before us and concerns solely the merits of the preliminary injunction.

The orders granting and continuing the preliminary injunction are, therefore, reversed and the cause is remanded for further proceedings.

Reversed and remanded with directions.

DIERINGER and ROMITI, JJ., concur.