BANNER WHOLESALE GROCERIES CO., INC., Plaintiff-Appellant, *v.*
AMERICAN TRUCK LEASING CO., Defendant-Appellee.

First District (1st Division)    No. 80-1882

Opinion filed August 31, 1981.

Leonard E. Newman, of Chicago, for appellant.

Kugler, DeLeo & D'Arco, Ltd., of Chicago (William J. Harte and David J. Walker, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On August 24, 1970, Avis-Rent-a-Car Systems, Inc. (Avis), and Banner Wholesale Groceries Co., Inc. (Banner), entered into a binding truck lease (Avis lease) and service contract. The parties agreed that the lease was effective for a minimum period of five years, terminable thereafter by either party upon 30 days' written notice. The lease contained an exculpatory clause which stated in part:

"Avis shall not be liable for the loss of * * * any property left in * * * said vehicle * * * whether or not said loss * * * was caused by or related to the negligence of Avis, its agents, service or employees * * *."

The lease further provided that:

"This agreement shall be binding on the respective parties, their successors, legal representatives and assigns * * * [A]ny future agreement, understanding or waiver to be binding upon the parties hereto, must be reduced to writing and signed by the parties."

On February 24, 1975, defendant American Truck Leasing Co. (American Truck) purchased a portion of Avis' business, including Banner's lease. After Banner was notified of the purchase, it began dealing with American Truck as it had dealt with Avis. American Truck supplied the truck as Avis had. Banner paid rent to American Truck as it had paid Avis. Banner parked the truck in a garage taken over from Avis by American Truck.

Approximately one year after American Truck acquired the Avis lease, Albert Friedman (president of Banner) met with Edward Levit (president of American Truck) to discuss a reduction in the monthly rental rate because the truck was antiquated. At the meeting, the two orally agreed to a lower monthly rental rate and Levit promised to send the agreement in writing. Levit failed to send the written agreement, but began charging Banner the agreed upon rate.

On August 15, 1977, Banner brought the truck to American Truck for repair work. American Truck provided Banner with a substitute truck in accordance with the provisions of the Avis lease. Although the original lease required the lessor to supply a substitute truck free of charge, American Truck charged Banner a rental fee for the second truck.

On August 17, 1977, the substitute truck containing $8,500 worth of grocery products was stolen while parked in American Truck's garage. When the truck was recovered, the grocery products had been removed.

The trial court granted American Truck's motion for summary judgment and dismissed Banner's case. Banner now appeals.

We affirm.

The sole issue involved in this appeal is whether the trial court erred in granting American Truck's motion for summary judgment. Banner contends that there was a triable issue of fact as to whether the Avis lease had been rescinded and, therefore, American Truck's motion should have been denied. In support of its contention, Banner argues that the fact that American Truck promised to send a new lease and the fact that it charged Banner for a substitute truck raise a genuine issue as to whether the Avis lease was operative at the time the goods were stolen from the rented truck.

Initially, we note that there is no evidence that either party exercised its option to terminate the lease agreement. As a general rule, contractual provisions providing for termination of an agreement are enforceable according to their terms. (See *S & F Corp. v. American Express Co.* (1978), 60 Ill. App. 3d 824, 377 N.E.2d 73.) The Avis lease expressly required that 30 days' written notice be given to terminate the lease. No such notice was given. On this basis alone, we could find that Banner's claim is without merit. Nevertheless, we will consider the arguments advanced by Banner in support of its contention that the Avis lease was orally rescinded.

■■ First, we consider Banner's argument that the Avis lease was rescinded when the new rental agreement was reached. In its brief, Banner states that Levit (American Truck's president) promised to send a new lease. The record, however, contains no evidence that Levit promised to do anything other than send a writing confirming the reduced rental rate. At most, the Avis lease was modified as a result of the parties' oral agreement. There is absolutely no evidence to support a finding that the parties agreed at the meeting to terminate the Avis lease in its entirety.

■■ Second, we consider Banner's argument that the fact that American Truck charged Banner for a substitute truck demonstrates that the Avis lease had been terminated. Banner neither questioned nor challenged the billing and paid the bill. American Truck suggests that the billing was a clerical error. The record contains no evidence that indicates that either Banner or American Truck was aware of the billing until some time after this lawsuit was filed. Therefore, we decline to consider this fact in determining whether it is a reasonable inference that the parties intended to terminate the Avis lease.

■■ On appeal from summary judgment for defendant, the facts must be viewed in the light most favorable to plaintiff. (*Montague v. School Board* (1978), 57 Ill. App. 3d 828, 373 N.E.2d 719.) In the case at bar, even when the facts are considered in Banner's favor, it cannot be said that there exists any triable issue of fact. Clearly, at the time of Banner's loss, both parties were bound by the Avis lease, including the exculpatory clause. Thus, it was proper for the trial court to grant American Truck's motion for summary judgment.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P. J., and GOLDBERG, J., concur.